UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY GRANAT, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,<br><br>    Defendants. | No. 2:15-cv-00605-MCE-DAD<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiffs assert twelve causes of action stemming from Defendants' decision to prohibit motorized travel on routes in Plumas National Forest. Pending before the Court is Defendants' Motion to Dismiss (ECF No. 11), which seeks the dismissal of Plaintiffs' twelfth cause of action. For the reasons that follow, Defendants' Motion to Dismiss is GRANTED and the twelfth cause of action is DISMISSED with prejudice.[1]

///

///

///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g),

1

# BACKGROUND

The twelfth cause of action in Plaintiffs' Complaint (ECF No. 1) alleges that Defendants violated the Freedom of Information Act ("FOIA").  Specifically, Plaintiffs allege that Plaintiff Sierra Access Coalition submitted FOIA requests on November 21, 2010, November 24, 2010, and September 2, 2011, and that Defendants failed to respond to those requests within the statutory time limit.  Compl., ECF No. 1, at 45.

In their Motion to Dismiss, Defendants claim that they complied with all three of the FOIA requests shortly after receiving them.  Defendants contend that they provided all documents responsive to the November 21, 2010 FOIA request via email to Plaintiff Sierra Access Coalition on December 21, 2010.  Defendants claim they provided all documents responsive to the November 24, 2010 FOIA request on December 7, 2010, when the FOIA Coordinator of Plumas National Forest, Elizabeth Schramel ("Schramel"), met with the Executive Director of Sierra Access Coalition, Plaintiff Corky Lazzarino ("Lazzarino").  As to the September 2, 2011 FOIA request, Schramel "believes that she provided [the requested] information to Ms. Lazzarino in 2011."  Mot. to Dismiss, ECF No. 11, at 5.

A declaration from Schramel is attached to Defendants' Motion to Dismiss (ECF No. 11-2).  Included within Schramel's declaration is all of the information that Plaintiffs requested and that Defendants claim to have provided in 2010 and 2011.  Schramel's declaration also includes two emails from Lazzarino to Schramel.  See Schramel Decl., ECF No. 11-2, Exs. H and I.  The first email, which was sent from "sierraaccess@yahoo.com" on December 17, 2010 provides:  "Lee Anne, thank you for expediting SAC's FOIAs.  We really appreciate the extra consideration you've shown us.Corky."  Id. at Ex. H.  The second email, which was sent from "sierraaccess@yahoo.com" on January 7, 2011, states:  "Thank you for sending the copies of the appeals.  You guys have all been great about providing information to SAC, and in a very timely manner.  We appreciate it.  Corky."  Id. at Ex. I.

In a declaration attached to Plaintiffs' Opposition, Lazzarino denies that she received the documents that Plaintiffs claimed to have provided in 2010 and 2011, and she contends that Defendants "have engaged in a pattern of delay in responding to" FOIA requests. Lazzarino Decl., ECF No. 13-1, ¶ 13.

In the pending Motion to Dismiss, Defendants argue that the Court should dismiss the FOIA claim pursuant to Federal Rule of Civil Procedure 12(b)(1)[2] because even if the FOIA request was not satisfied in 2010 or 2011, Schramel's declaration—which includes all of the information that Plaintiffs requested in the aforementioned FOIA requests—renders the FOIA claim moot.

**STANDARDS**

**A. Rule 12(b)(1)**

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "[A] federal court has no authority to give opinions upon moot questions . . . ." Church of Scientology v. United States, 506 U.S. 9, 12 (1992). Because mootness pertains to a federal court's subject-matter jurisdiction under Article III of the United States Constitution, it is properly raised in a motion to dismiss under Rule 12(b)(1). White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

There are two types of motions to dismiss for lack of subject-matter jurisdiction: a facial attack and a factual attack. Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). A party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings. Id.

///

---

[2] All subsequent references to "Rule" are to the Federal Rules of Civil Procedure.

When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  If the motion to dismiss constitutes a facial attack, the court must consider the factual allegations of the complaint to be true, and determine whether they establish subject matter jurisdiction. Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003).  In the case of a facial attack, the motion to dismiss is granted only if the nonmoving party fails to allege an element necessary for subject matter jurisdiction.  Id. However, in the case of a facial attack, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air for Everyone, 373 F.3d at 1039.

In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations." Thornill, 594 F.2d at 733 (internal citation omitted).  The party opposing the motion has the burden of proving that subject matter jurisdiction does exist, and must present any necessary evidence to satisfy this burden.  St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).  If the plaintiff's allegations of jurisdictional facts are challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the mere assertion that factual issues may exist.  Trentacosta v. Frontier Pac. Aircraft Ind., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chi. v. Touche Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)).  Furthermore, the district court may review any evidence necessary, including affidavits and testimony, in order to determine whether subject matter jurisdiction exists.  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988); Thornhill, 594 F.2d at 733.  If the nonmoving party fails to meet its burden and the court determines that it lacks subject matter jurisdiction, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group,

Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005)); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

### B. FOIA and Mootness

> As with other types of civil cases, a suit under the FOIA can be rendered moot by events subsequent to its filing . . . . [T]he production of all nonexempt material, however belatedly, moots FOIA claims. That result obtains because once the defendant agency has fully complied with the FOIA's production mandate, the plaintiff is no longer suffering or threatened with an actual injury traceable to the defendant that is likely to be redressed by a favorable judicial decision.

Yonemoto v. Dept. of Veterans Affairs, 686 F.3d 681, 689 (9th Cir. 2011) (citations and internal quotation marks omitted). Nevertheless, the Ninth Circuit has suggested that there are exceptions to this general rule, such as when there is "evidence of bad faith or a recurring pattern of FOIA violations . . . ." Tri-Valley Cares v. Dept. of Energy, 203 F. App'x 105, 107 (9th Cir. 2006) (citing Biodiversity Legal Found. v. Badgley, 309 F.3d 1166, 1174 (9th Cir. 2002)). Some district courts have also found an exception when the delay in disclosure is "egregious." See Munger, Tolles & Olson LLP v. U.S. Dept. of Army, 58 F. Supp. 3d 1050, 1054-55 (C.D. Cal. 2014) (collecting district court cases). But see Camreta v. Greene, ___ U.S. ___, 131 S. Ct. 2020, 2033 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (citation omitted).

## ANALYSIS

As explained in the paragraphs that follow, Plaintiffs have failed to establish that this Court has subject-matter jurisdiction over the FOIA claim. Plaintiffs' FOIA claim is moot and none of the exceptions to the mootness doctrine apply. Accordingly,

Defendants' Motion is GRANTED, and Plaintiff's FOIA claim is DISMISSED with prejudice for want of subject-matter jurisdiction.

### A. The FOIA Claim is Moot

Notwithstanding the dispute over whether Defendants acknowledged and responded to the FOIA requests soon after receiving them in 2010 and 2011, there is no dispute that Defendants' Motion includes all documents they believe respond to Plaintiffs' request. See Schramel Decl., ECF No. 11-2, Exs. A-K. The Ninth Circuit has made clear that the production of all nonexempt material, however belatedly, renders a FOIA claim moot. Yonemoto, 686 F.3d at 689; Tri-Valley Cares, 203 F. App'x at 107; Papa v. United States, 281 F.3d 1004, 1013 (9th Cir. 2002). Even if Defendants had not provided the responsive, nonexempt material until filing the pending Motion, the belated production moots Plaintiffs' FOIA claim.

### B. No Exceptions to the Mootness Doctrine Apply

A district court may retain subject matter jurisdiction over a FOIA claim that has been otherwise mooted by production of requested documents if there is (1) evidence of bad faith, (2) evidence of a recurring pattern of FOIA violations, or (3) the delay in production is "egregious." See Tri-Valley Cares v. Dept. of Energy, 203 F. App'x at 107 (citing Biodiversity Legal Found., 309 F.3d at 1174); Munger, 58 F. Supp. 3d at 1054-55.

Here, there is no allegation that Defendants acted in bad faith. Even if Plaintiffs had advanced such an allegation, it would be undermined by Lazzarino's emails attached to Schramel's declaration. Specifically, within weeks after Plaintiffs submitted two of the FOIA requests that Defendants allegedly did not acknowledge, Lazzarino communicated her gratitude for "the extra attention and consideration you've shown us." Schramel Decl., ECF No. 11-2, at 258. Accordingly, the Court finds that the "evidence of bad faith" exception is not applicable.

Although Plaintiffs, by way of Lazzarino's declaration, allege that there is evidence of a recurring pattern of FOIA violations, the evidence submitted does not corroborate that claim. Plaintiffs allege that Defendants failed to acknowledge and

6

respond to FOIA requests submitted on November 21, 2010, November 24, 2010, and September 2, 2011. Even assuming that the failure to respond to three FOIA requests is sufficient to establish a "recurring pattern of FOIA violations," Plaintiffs have not established three FOIA violations.

Defendants claim they complied with the November 21, 2010 FOIA request on December 21, 2010, and that they complied with the November 24, 2010 FOIA request on December 7, 2010. Lazzarino sent Schramel—the FOIA coordinator for Plumas National Forest—an email on December 17, 2010, thanking Schramel "for expediting [Sierra Access Coaliation's] FOIAs." Schramel Decl., Ex. H ("We really appreciate the extra attention and consideration you've shown us."). And on January 7, 2011, Lazzarino sent Schramel and email stating: "You guys have all been great about providing information to [Sierra Access Coalition], and in a very timely manner." Id. at Ex. I. Those statements were made after the dates on which Defendants claimed to have complied with November 21, 2010 and November 24, 2010 FOIA requests. Accordingly, the Court finds Lazzarino's conclusory claim that Defendants "have engaged in a pattern of delay in responding to" FOIA requests not credible. Lazzarino Decl., ECF No. 13-1, ¶ 13. Furthermore, even if Defendants did not comply with the September 2, 2011 FOIA request—a claim Defendants dispute—a single FOIA violation is, by definition, insufficient to establish a "recurring pattern of FOIA violations." Thus, the Court finds that the "recurring pattern of FOIA violations" exception is not applicable.

The egregious delay exception is not applicable either. Again, the Court finds Lazzarino's declaration not credible. Because Defendants are making a factual attack on subject matter jurisdiction, the Court need not accept the allegations in the Complaint and may consider extrinsic evidence (such as Schramel's declaration). McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988); Thornhill, 594 F.2d at 733. Upon reviewing extrinsic evidence, it appears that Defendants complied with the FOIA requests shortly after receiving them, and thus the egregious delay exception is not applicable.

Because none of the exceptions to the mootness doctrine are applicable in this case, the Court does not have subject matter jurisdiction over Plaintiffs' FOIA claim. Because this claim cannot be cured by amendment, Plaintiffs' FOIA claim is DISMISSED with prejudice.[3]

### C. Plaintiff's Motion to File a Sur-Reply

After Defendants filed a Reply to Plaintiffs' Opposition, Plaintiffs filed a "Motion to File a Sur-Reply and Supporting Declaration, Offer of Testimony, Request for Discovery, and, in the Alternative, Motion to Amend the Complaint" (ECF No. 16). The Local Rules provide only for an opposition and a reply. E.D. Cal. Local R. 230(c). Furthermore, the Court has reviewed Plaintiff's Motion and finds that it does not affect the Court's analysis of Defendants' Motion to Dismiss. Accordingly, Plaintiffs' Motion is DENIED.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion to File a Sur-Reply (ECF No. 16) is DENIED, Defendants' Motion to Dismiss (ECF No. 11) is GRANTED, and Plaintiff's twelfth cause of action (the FOIA claim) is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: July 28, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] In their Opposition, Plaintiffs argue that they have a "right to a declaratory judgment on the FOIA claim" that may entitle them to attorneys' fees under the FOIA. Defs.' Opp'n, ECF No. 13, at 5. Plaintiffs have not provided any binding authority that establishes such a "right." To the contrary, Plaintiffs appear to be requesting an advisory opinion. Article III of the United States Constitution prohibits this Court from issuing such an opinion.