UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY GRANAT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,<br><br>Defendants. | No. 2:15-cv-605-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

Plaintiffs Amy Granat, Corky Lazzarino, the Sierra Access Coalition, the California Off-Road Vehicle Association, and the Counties of Butte and Plumas (collectively, "Plaintiffs") filed this action against numerous federal defendants ("Defendants") challenging the United States Forest Service's 2010 decision to close hundreds of miles of roads in the Plumas National Forest to motorized vehicles. Pursuant to this Court's Scheduling Order, Defendants provided Plaintiff with a copy of the administrative record supporting the decision. Presently before the Court is Plaintiff's Motion to Compel Inclusion of Certain Documents as Part of the Administrative Record. ECF No. 22. For the following reasons, Plaintiff's Motion is DENIED in its entirety.[1]

---

[1] Because oral argument would not have been of material assistance in rendering a decision, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

**BACKGROUND**

In 2010, the United States Forest Service decided to prohibit motorized travel on thousands of unclassified routes in the Plumas National Forest, effectively closing off much of the forest to human access. Plaintiffs challenge that decision under the Administrative Procedure Act ("APA") and the National Environmental Policy Act ("NEPA"). The Complaint alleges that the Forest Service's decision and the corresponding environmental review was based on inaccurate, scientifically flawed data.

In October 2015, Defendants provided Plaintiffs with a draft copy of the administrative record for the challenged decision. Over the next several months, Plaintiffs asked that Defendants include more than forty additional documents in the administrative record. Although Defendants acceded to a number of Plaintiffs' requests, they refused to include four sets of documents that are the subject of the instant Motion. Those documents are: (1) approximately 15 DVDs of Light Detection and Ranging ("LiDAR") data; (2) a Powerpoint presentation entitled "A Short Introduction to LiDAR: What is it and how can we use it?"; (3) electronic GPS data regarding route inventory field data collected by the Forest Service between 2006 and 2009 as part of the Plumas National Forest route designation process; and (4) "Semi-Primitive Nonmotorized" data, which is an early data set showing the underlying data/information used to create the GIS (Geographic Information System) data generated by the Federal Defendants.[2].

**STANDARD**

Review of agency action, including action under NEPA, is generally constrained by the administrative record available at the time of the underlying determination. Friends of the Payette v. Horseshoe Bend Hydroelectric Co., 988 F. 2d 989, 997 (9th Cir.

---

[2] This data includes the original letter, data, maps, and other documentation used to create maps in the 1988 Plumas National Forest Land Management Plan.

1993).  "The appropriate scope of review is normally limited to 'the administrative record in existence at the time of the [agency] decision and [not some new] record that is made initially in the reviewing court.'"  Pinnacle Armor, Inc. v. United States, 923 F. Supp. 2d 1226, 1231 (E.D. Cal. 2013) (quoting Lands Council v. Powell, 395 F. 3d 1019, 1030 (9th Cir. 2005).  "The full administrative record is that which was before the agency at the time the decision being reviewed was made, and it 'consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position.'"  Nat'l Wildlife Fed'n v. Burford, 677 F. Supp. 1445, 1457 (D. Mont. 1985), aff'd, 871 F.2d 849 (9th Cir. 1989) (citation omitted).  Bar MK Ranches v. Yuetter, 994 F.2d 735, 740 (10th Cir. 1993).  The administrative record as designated by the agency is presumed to be complete.  Cook Inletkeeper v. U.S. E.P.A., 400 F. App'x 239, 240 (9th Cir. 2010).

There are, however, several ways in which a plaintiff can overcome this presumption.  District courts may admit extra-record evidence where: (1) it is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) the agency itself has relied on extra-record information in making its decision, (3) supplementation is necessary to explain technical terms or complex subject matter; or (4) plaintiffs make a showing that the agency acted in bad faith.  Lands Council v. Powell, 395 F.3d 1019, 1030 (9th Cir. 2005).  Courts construe these exceptions narrowly.  Id.

## ANALYSIS

Plaintiffs' Motion fails to overcome the presumption that the administrative record designated by the Forest Service is complete.  As set forth below, a review of each of the document categories Plaintiffs want to include shows that augmentation to incorporate those materials into the record is not appropriate.

///

**A. LiDAR Data**

The LiDAR data Plaintiffs seek to include in the administrative record consists of approximately fifteen DVDs. The Forest Service began mapping the Plumas National Forest with LiDAR in 2009. Only seven percent of the Plumas National Forest was mapped when the Forest Service made the challenged decision in 2010, and even that data was not converted into a useable format or verified at the time of the decision. Plaintiffs nonetheless assert that the LiDAR DVDs show numerous roads and watercourses that were not actually where the Forest Service thought they were when it evaluated the environmental impacts of closing the routes and determined that doing so was proper. Accordingly, Plaintiffs contend that inclusion of the LiDAR data is necessary to determine whether the Forest Service properly considered all relevant factors before issuing its decision.

The relevant factors exception "permits a district court to consider extra-record evidence to develop a background against which it can evaluate the integrity of the agency's analysis." San Luis & Delta Mendota Water Authority v. Locke, 776 F. 3d 971, 993 (9th Cir. 2014). Accordingly, if there is already evidence in the record from which the court can evaluate the integrity of the agency's analysis, there is no need to admit extra-record evidence based on the relevant factors exception. Furthermore, in order for the Court to apply the relevant factors exception, Plaintiffs must point to an entirely new general subject matter that the defendant agency failed to consider. Pinnacle Armor, Inc. v. United States, 923 F. Supp. 2d 1226, 1234 (E.D. Cal. 2013).

Although the actual location of roads and watercourses in the Plumas National Forest is certainly <u>relevant</u> to Plaintiffs' claims, the LiDAR data is not <u>necessary</u> to determine whether the Forest Service considered the actual location of the closed routes. Furthermore, the administrative record clearly demonstrates that the Forest Service considered and addressed the actual location of roads and watercourses within the Plumas National Forest through field verification. ECF No. 25-1 at ¶ 8. The Forest Service explained its methodology in detail in the administrative record, and its

1   determination regarding an appropriate methodology is entitled to substantial deference.
2   Even if LiDAR would have been a better method of determining the location of routes
3   within the Plumas National Forest, that still does not establish that the Forest Service
4   wholly failed to consider the actual locations of the routes.
5        Furthermore, the fact that the Forest Service had the requested data in its
6   possession does not mean that the data was properly before the decisionmaker.  As
7   Defendants aver, only seven percent of the Plumas National Forest was mapped when
8   the Forest Service made the challenged decision in 2010, and even that data was not
9   converted into a useable format or verified at the time of the decision.   Therefore, the
10  LiDAR data could not have been considered by the Forest Service at the time of that
11  decision.
12       These conclusions will not prevent Plaintiffs from challenging the Forest Service's
13  field verification methodology on the merits.  Indeed, the record as designated by the
14  Forest Service may well reveal real problems with the extent of its field verification
15  efforts.  While Plaintiffs' desire to strengthen their arguments about that methodology
16  with extra-record evidence is understandable, it nonetheless fails to satisfy the strict
17  criteria necessary to apply the relevant factors exception.  See In re Delta Smelt
18  Consolidated Cases, No. 1:09-cv-1053, 2010 WL 2520946 at *5 (E.D. Cal. June 21,
19  2010) ("To hold otherwise would allow Plaintiffs to drive a truck through what is
20  supposed to be a narrow exception to the record review rule.").  Plaintiffs' Motion is
21  therefore DENIED with respect to the LiDAR data.
22      **B.  The Powerpoint Presentation**
23       Plaintiff argues that the Powerpoint presentation on LiDAR mapping should be
24  included in the record because it: (1) shows that the Forest Service was aware that
25  LiDAR could more accurately pinpoint routes historically used for motorized travel that
26  the methodology it actually employed; and (2) is necessary to explain technical terms or
27  complex subject matter.
28  ///

5

1    Plaintiffs' argument fails for three reasons.  First, Plaintiff has not met its burden of
2 establishing that that the presentation was before the decisionmaker.  See Nat'l Wildlife
3 Fed'n v. Burford, 677 F. Supp. 1445, 1457 (D. Mont. 1985).  Indeed, although Plaintiffs'
4 moving papers aver that the presentation was given to the Forest Service in 2009, the
5 Forest Service points out in opposition that the presentation did not actually occur until
6 sometime after April 2010.  In conjunction with the substantial deference owed to the
7 agency's designation of the record, Plaintiffs' failure to establish that the presentation
8 was before the decision-maker in 2009 requires this Court to deny the instant Motion.
9 Second, even if the Powerpoint presentation was before the decisionmaker, the record
10 will not be supplemented with LiDAR data, so the Powerpoint presentation is
11 unnecessary to explain its technical terms or complex subject matter.  Finally, in seeking
12 to use the Powerpoint presentation to show that LiDAR would have been more accurate
13 than the method actually used by the Forest Service in mapping the Forest, Plaintiffs ask
14 the Court to make a determination regarding the "correctness or wisdom of the agency's
15 decision."  Asarco, Inc. v. U.S. Environmental Protection Agency, 616 F.2d 1153, 1160.
16 The Court may not do so.  Id.  Plaintiffs' request to include the Powerpoint presentation
17 in the administrative record is therefore denied.

### C. Electronic GPS Data Regarding Route Inventory Field Data Collected by Forest Service Crews and Contractors between 2006 and 2009

20    Plaintiffs also seek to add electronic GPS data that was collected as part of the
21 Plumas National Forest route designation process to the administrative record.  Although
22 Geographical information System ("GIS") data that includes the GPS data is already
23 included in the record, Plaintiffs argue that the raw GPS data will assist them in
24 determining the scientific and technical accuracy of the data upon which the EIS at issue
25 here is based.
26    Plaintiffs have not, however, shown that the raw GPS data they seek to include in
27 the record was before the agency.  Indeed, it appears that the raw GPS data was not
28 retained once it was incorporated within the GIS data set.  Furthermore, inclusion of the

raw GPS data in the record will not assist the Court in determining whether Defendants' decision and the analytical methodology underlying it were proper.  Finally, Plaintiffs' argument that the GPS data should be included in the record under the relevant factors exception fails because it does not point to an entirely new general subject matter that the Forest Service failed to consider.  Pinnacle Armor, Inc., 923 F. Supp. 2d at 1234. Accordingly, the Court denies this aspect of Plaintiffs' Motion as well.

### D.  "Semi-primitive Non-motorized" Data

The semi-primitive non-motorized data Plaintiffs seek to include in the administrative record consists of the original map that formed the basis for creating the "Semi-Primitive Nonmotorized" land classifications in the 1988 Plumas National Forest Land Management Plan ("LMP"), and the data on which that map was based.  It was therefore a part of the administrative record underlying the LMP.  Plaintiffs argue that this data should be included in the record because it was incorporated into the Travel Management Plan and the EIS associated with it.  According to Plaintiffs, the errors from the old technology used to create this data were magnified in the creation and environmental evaluation of the Travel Management Plan.  Plaintiffs contend this data is necessary to show the accumulation of technical errors over time that has led to a scientifically inadequate environmental review process.

Plaintiffs' argument lacks merit.  The LMP is already included in the administrative record, and the Forest Service relied on the management direction contained therein, not the administrative record that underlies it, in creating the Travel Management Plan. The LMP's administrative record was therefore not before the agency.  Accepting Plaintiffs' argument would require federal agencies to include every administrative record of every planning document that provides any guidance for a later decision.  This sweeping contention stretches the parameters of the administrative record too far.  See WildEarth Guardians v. U.S. Forest Service, 713 F. Supp. 2d 1243, 1255 (D. Colo. 2010) ("The chain of indirect consideration cannot, however, reach all documents within the

///

agency."). Plaintiffs' Motion is therefore denied as to the semi-primitive non-motorized data they seek.

## CONCLUSION

Plaintiffs' Motion to Compel Inclusion of Certain Documents as Part of the Administrative Record (ECF No. 22) is DENIED in its entirety.

IT IS SO ORDERED.

Dated: March 29, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT